For defendant: Fred Israel.

Louis J. Ashcroft
vs.
Woonsocket Overland Co. } No. 79274.

March 24, 1931.

CHURCHILL, J. Heard on defendant's motion for a new trial after verdict for the plaintiff for $351.

This was an action for a breach of warranty alleged to have been given by the defendant in respect to a Whippet car purchased by the plaintiff for the sum of $889. The alleged warranty was that the car was in a perfect mechanical condition. This issue, as well as the question of the necessity for and the character of the repairs made on the car after a mechanical breakdown, was sharply contested.

The plaintiff testified that after the breakdown and after certain repairs had been made, he bought a Graham-Paige car from Michaels & Clafford, Inc., and that he was given an allowance of $475 for the Whippet car, the balance $530, having been paid by a cashier's check at the time the Graham-Paige car was purchased. This check was not produced by the plaintiff at the trial.

The defendant relies on newly discovered evidence as a ground for a new trial.

The affidavit of the defendant on file in this case shows clearly that the

cashier's check to Michaels & Clafford, Inc., was for $340 instead of $530, making the amount of the allowance for the Whippet car obviously much greater than testified to by the plaintiff.

The newly discovered evidence is material. If the same had been before the jury, the verdict would be so manifestly excessive that the defendant would be entitled to a new trial on that account.

*Burlingame* vs. *Cowee*, 16 R. I. 40.

The newly discovered evidence was unknown to the defendant and could not have been discovered by the exercise of reasonable diligence in time to have been produced at the trial. Justice requires a new trial on all the issues.

The motion for a new trial is granted.

For plaintiff: Israel Rabinovitz.

For defendant: Adonat J. Demers.